ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2020-May-29 12:08:26
17CV-20-263
C21D02 : 6 Pages

## IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
## CIVIL DIVISION

**JEAN CANTRELL**                                                                    **PLAINTIFF**

**VS.**                                            **CV**

**LOUIS LANE and TITAN TRANSFER, INC.**                          **DEFENDANTS**

### COMPLAINT

COMES NOW the Plaintiff, Jean Cantrell, by and through her attorney, Jose Ruiz, with the Law Offices of Alan LeVar and for her cause of action against the Defendants, alleges and states:

### PARTIES AND JURISDICTION

1. At all times relevant to this cause of action, Plaintiff resided in Kennesaw, Georgia.

2. At all times relevant to this action, Defendant, Louis Lane ("Lane"), resided in Lawrenceburg, Tennessee.

3. At all times relevant to this action, Defendant, Titan Transfer, Inc. ("Titan"), was a for profit corporation registered to and doing business in the State of Tennessee.

4. The occurrence which gives rise to this cause of action took place in Crawford County, Arkansas.

5. Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

### FACTS

6. Plaintiff incorporates paragraphs 1 through 5 herein by reference.

7. On or about the 9th day of July, 2019, Plaintiff was a passenger in a vehicle traveling eastbound on Interstate 40 in Crawford County, Arkansas.

8. On or about the same time, Lane was operating a tractor-trailer and was also traveling eastbound on Interstate 40 in Crawford County, Arkansas.

9. A multi-vehicle collision occurred when Lane failed to pay attention and recklessly collided with the rear of the vehicle in front of him. Causing a chain of collisions.

10. The collision resulted in serious personal injury to Plaintiff.

11. By reason of the negligence of the Defendants stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

12. By reason of the negligence of the Defendants stated herein, Plaintiff suffered pain and suffering as a result of his injuries described herein.

13. As a direct and proximate result of his injuries, Plaintiff suffered damages as set forth herein.

## COUNT I- NEGLIGENCE

14. Plaintiff incorporates paragraphs 1 through 13 herein by reference.

15. Plaintiff alleges negligence of Defendant Lane, in the following respects:

   (a) Defendant failed to keep a proper lookout;

   (b) Defendant failed to maintain control of his vehicle;

   (c) Defendant failed to keep his vehicle under reasonable control

   (d) Defendant failed to see Plaintiff when he either knew, or should have known, to anticipate his presence on the roadway; and

   (e) Defendant failed to yield.

16. At all relevant times, Lane, was acting within the course and scope of his employment with Titan

17. The negligence of Lan is imputed to Titan under the doctrine of *respondeat superior.*

18. Defendant's negligent actions and/or inactions were the direct and proximate cause of Plaintiff's injuries, harm, and economic loss, which Plaintiff suffered and/or will continue to suffer as an individual.

## COUNT II-NEGLIGENT ENTRUSTMENT

19. Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20. The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle by Lane in a negligent and reckless manner, which because of inexperience, and prior actions, Defendant Titan knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving the Titan's vehicle.

21. Defendant Titan, as the employer of Lane, had the right to permit and the power to prohibit the use of the Titan vehicle by Lane.

22. Defendant Titan knew, or had reason to know, that Lane, because of her inexperience, and/or prior actions, was likely to drive the Titan's vehicle in a negligent and reckless manner.

23. As a direct result of Defendant Titan negligently entrusting Lane, who operated said vehicle owned by Defendant Titan in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

## COUNT III- NEGLIGENT HIRING AND RETENTION

24. Plaintiff incorporates paragraphs 1 through 23 herein by reference.

25. Defendant Titan had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant Titan owed such duty to Plaintiff and such duty was breached.

26. Defendant Titan knew, or should have known, that Lane would be likely to operate a tractor-trailer in a negligent and reckless manner.

27. Defendant Titan knew, or should have known, that Lane was not competent or fit for the duties required of him as an employee.

28. Defendant Titan breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

29. As a result of Defendant Titan's negligence in hiring and retaining Lane, Plaintiff was injured as alleged.

## COUNT IV-NEGLIGENT SUPERVISION

30. Plaintiff incorporates paragraphs 1 through 29 herein by reference.

31. The actions of Lane that are imputed to Defendant Titan, show violations of the rules of the road and make Defendant Titan liable for negligent supervision of Lane. Defendant Titan knew, or should have known, that its failure to research and screen Lane would result in injury to the public.

32. Defendant Titan failed to perform its duty of diligence in the supervision of Lane, resulting in injury.

## COUNT V-NEGLIGENT TRAINING

33. Plaintiff incorporates paragraphs 1 through 32 herein by reference.

34. The actions of Lane imputed to Defendant Titan show violations of the rules of the road and make Defendant Titan liable for negligent training of Lane. Defendant Titan knew, or should have known, that its failure to train and supervise Lane would result in injury to the public.

35. Defendant Titan failed to perform its duty of diligence in the training of Lane, resulting in injury.

## DAMAGES

36. Plaintiff incorporates paragraphs 1 through 35 herein by reference.

37. As a result of Lane's negligence, Plaintiff has suffered severe injuries, including, but not limited to, broken sternum and broken ribs. Plaintiff has suffered the following damages, for which he is entitled to compensation:

   (a) Medical expenses, both past and future;

   (b) Severe and permanent injuries;

   (c) Loss of earnings in the past and future;

   (d) Loss of earning capacity; and

   (e) Pain, suffering, and mental anguish, both present and future.

## JURY DEMAND

38. Plaintiff hereby incorporates paragraphs 1 through 37 herein by reference

39. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant her judgment against Defendants for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled. Plaintiff reserves the right to plead and amend further herein.

                                   Respectfully submitted,

                                   Law Offices of Alan LeVar
                                   702 Caddo Street
                                   Arkadelphia, AR  71923
                                   Tel: (870) 246-7070
                                   Fax: (870)345-4579
                                   E-mail: jose@levarlaw.com

                     By:      /s/ Jose Ruiz_____
                                   Jose Ruiz, Bar No. 2019125